

# State of Missouri
### Office of the Secretary of State

No. 7013 2250 0000 4625 7239

To MIDWAY ARMS, INC / LARRY W. POTTERFIELD, RA
Name of defendant

5875 W VAN HORN TAVERN RD   COLUMBIA, MO 65203
Last known residence or place of abode

You will take notice that the original process in a suit against you, a copy of which is hereto attached was duly served upon you at Jefferson City, Cole County, Missouri, by serving same on the Secretary of State, State of Missouri, or a Deputy.

Dated at Jefferson City, Missouri, this 26TH DAY OF AUGUST, 2015.

_Jason Kander_
Secretary of State

ROD CASTEEL
Plaintiff

CHARLES J BROWN
Attorney for Plaintiff

301 S US HWY 169   GOWER, MO 64454
Address of Attorney for Plaintiff

Mailed by restricted United States mail "Deliver to Addressee Only."

Process was served on Secretary of State or Deputy on AUGUST 18, 2015 at 02:00 PM
(Date)                              (Hour)

The Secretary of State's Office makes every effort to provide program accessibility to all citizens without regard to disability. If you desire this publication in alternate form because of a disability, please contact the Publications Division, PO Box 1767, Jefferson City, MO 65102; phone (573) 751-4218. Hearing-impaired citizens may contact the Publications Division by phone through Missouri Relay (800) 735-2966.

Comm. 26 (01/2013)



# IN THE 18TH JUDICIAL CIRCUIT COURT, COOPER COUNTY, MISSOURI

| Judge or Division: | Case Number: 15CO-CC00042 |
|---|---|
| ROBERT L. KOFFMAN | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address |
| ROD CASTEEL | CHARLES JASON BROWN |
| | 301 S US HIGHWAY 169 |
| vs. | GOWER, MO 64454-9116 |
| Defendant/Respondent: | Court Address: |
| MIDWAY ARMS INC | 200 MAIN STREET |
| A/K/A MIDWAY USA INC | ROOM 31 |
| Nature of Suit: | Boonville, MO 65233 |
| CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: MIDWAY ARMS INC
Alias:

REGISTERED AGENT:
LARRY POTTERFIELD
5875 W VAN HORN TAVERN RD
COLUMBIA, MO 65203

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_7/24/2015_ _____ _Nancy Fisher, Circuit Clerk by /s/Mary Ellen Bechtel_
  Date                                                                                Clerk

**COOPER COUNTY**   Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____,
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server         Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____   _____
                          Date         Notary Public

**Sheriff's Fees**
Summons           $_____
Non Est           $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $ 10.00
Mileage           $_____ ( _____ miles @ $ _____ per mile)
Total             $_____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) For Court Use Only: Document Id # 15-SMCC-507    1 of 1    Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 2:15-cv-04207-NKL   Document 1-1   Filed 09/25/15   Page 2 of 13

**EXHIBIT A**

IN THE CIRCUIT COURT OF COOPER COUNTY MISSOURI

| | |
|---|---|
| ROD CASTEEL,<br>Individually And On Behalf Of<br>All Others,<br><br>  Plaintiffs,<br><br>vs.<br><br>MIDWAY ARMS, INC.<br>a/k/a MIDWAY USA, INC.<br>Registered Agent<br>Larry W. Potterfield<br>5875 W. Van Horn Tavern Road<br>Columbia MO 65203<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No.:<br>)<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PETITION

**COMES NOW** the Plaintiff, Rod Casteel, by and through his attorneys, and on behalf of himself, the Putative Classes set forth below, and in the public interest, brings the following class action Petition against Defendant Midway Arms, Inc. a/k/a Midway USA, Inc. ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1. Defendant obtained a "consumer report" (as a "consumer report" is defined pursuant to the FCRA) on the Plaintiff.

2. Defendant routinely obtains and uses information in consumer reports to conduct background checks on prospective and existing employees.

3. Defendant relies on information in consumer reports to make decisions regarding prospective or current employees.

4. Defendant took an "adverse action" (as an "adverse action" is defined pursuant to the FCRA) against the Plaintiff.

5. Defendant relies on information in consumer reports, in whole or in part, as a basis for adverse employment action; such as a refusal to hire and/or termination.

6. Plaintiff brings this action against Defendant for violations of the FCRA.

7. Defendant has taken an adverse employment action against the Plaintiff based on information contained in a consumer report.

8. Defendant failed to provide the Plaintiff with a copy of the consumer report prior to taking the adverse employment action against the Plaintiff.

9. Defendant failed to provide the Plaintiff a reasonable period of time to address the content of the consumer report prior to taking adverse employment action against the Plaintiff.

10. Defendant failed to provide Plaintiff a written description of his rights under the FCRA prior to taking adverse employment action.

11. Plaintiff was not provided with a pre-adverse action notice and allowed to address any possible inaccuracy in the consumer report before he was suspended by the Defendant.

12. Based on the foregoing violations, Plaintiff asserts a FCRA claim against Defendant on behalf of himself and a class of Defendant's employees and prospective employees.

13. Plaintiff asserts a FCRA claim under 15 U.S.C. § 1681(b)(3)(A) on behalf of himself and all other individuals who suffered an adverse employment action after July 24, 2010, that was based in whole or part on information contained in a consumer report.

14. Based on Defendant's violation of the FCRA, as described above, Plaintiff asserts

EXHIBIT A

a FCRA claim on behalf of himself and all other individuals who's rights under the FCRA were violated as may be revealed during this proceeding.

15. On behalf of himself and the putative class, Plaintiff seeks statutory damages, punitive damages, costs and attorneys fees, and other appropriate relief pursuant to the FCRA.

## PARTIES

16. Plaintiff Casteel is a resident of Blackwater, Missouri. Plaintiff is a member of the Putative Classes defined below.

17. Defendant is a limited liability company formed under the laws of Missouri and doing business in Missouri and through the United States.

## JURISDICTION AND VENUE

18. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

19. Venue is proper in this Court pursuant to R.S.Mo. 508.010.

## FACTUAL ALLEGATIONS

20. Plaintiff applied with Defendant for employment in or about October 2014.

21. Plaintiff interviewed with the Defendant in or about November 2014.

22. Plaintiff had another interview with Defendant on or about November 13, 2014.

23. On or about November 13, 2014, Plaintiff was called and told he had the job pending a background check.

24. Defendant procured a consumer report on the Plaintiff.

25. Defendant procured a consumer report on the Plaintiff using Talent Wise, Inc.

26. Talent Wise, Inc. obtained information regarding the Plaintiff's credit from

**EXHIBIT A**

Experian.

27. The information obtained by Talent Wise, Inc. from Experian was a consumer credit report.

28. The manner in which Defendant obtained a consumer report on the Plaintiff is consistent with its policies and practices.

29. The manner in which Defendant obtained a consumer report on the Plaintiff is the same or similar method used to obtain consumer reports on other putative class members.

30. Defendant is aware of the FCRA.

31. Defendant has knowledge that it must comply with the FCRA.

32. Defendant is required to obtain a consumer report for employment purposes in accordance with the FCRA.

33. Defendant paid a fee to a consumer reporting agency in order to procure a consumer report on the Plaintiff.

34. A contract for the procurement of consumer reports exists between the Defendant and the consumer reporting agency that provided the Defendant with the Consumer Report on the Plaintiff.

35. Plaintiff was denied employment by Defendant, in whole or in part, due to information contained in a consumer report.

36. Plaintiff was not provided a pre-adverse action notice prior to being denied a promotion by the Defendant.

37. Defendant violated the FCRA by not providing Plaintiff with proper notice prior to the adverse action.

**EXHIBIT A**

38. The FCRA states that in using a consumer report for employment purposes, before taking any adverse action, based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates a copy of the report; and a description in writing of the rights of the consumer. 15 U.S.C. § 1681b(b)(3)(A)(i)(ii).

39. Defendant is aware that it is required by the FCRA to have provided a copy of the consumer report to the Plaintiff before taking any adverse action.

40. Despite having knowledge of the requirements of the FCRA, Defendant failed to comply with the FCRA.

41. Defendant's failure to provide the Plaintiff with a copy of the consumer report, a reasonable notice period in which to challenge any inaccuracy in the consumer report, or a written description of his rights under the FCRA prior to the adverse action, constitutes multiple violations of the FCRA.

42. Defendant's multiple violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

## CLASS ACTION ALLEGATIONS

43. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

44. Plaintiff asserts the following adverse action class defined as:

**Proposed Adverse Action Class:** All employees or prospective employees of Defendant in the United States that suffered an adverse employment action on or after July 24, 2010, that was based, in whole or in part, on information contained in a consumer report, and who were not provided a copy of such report, a reasonable notice period in which to challenge any inaccuracy in the consumer report, and/or a written description of their rights in accordance with the FCRA in advance of said adverse employment action.

**Numerosity**

**EXHIBIT A**

45. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains consumer reports on prospective employees and existing employees. Defendant relies on such information, in whole or in part, as a basis for adverse employment action. Given the number of employees working for the Defendant, Plaintiff believes that during the relevant time period, hundreds of Defendant's employees and prospective employees would fall within the definition of the Putative Classes.

**Common Questions of Law and Fact**

46. Virtually all of the issues of law and fact in this class action predominate over any questions affecting individual class members. Among the questions of law and fact common to the classes are:

   a. Whether Defendant uses consumer report information to conduct background checks on employees and prospective employees;

   b. Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action class on the basis of information in a consumer report, without first providing a copy of the report to the affected individuals;

   c. Whether the Defendant violated the FCRA by failing to provide the Plaintiff and other members of the Adverse Action Class with a reasonable amount of time to cure any inaccuracy within the consumer report prior to the adverse employment action;

   d. Whether Defendant's violations of the FCRA were willful;

   e. The proper measure of statutory damages and punitive damages; and

**Typicality**

47. Plaintiff's claims are typical of the members of the proposed classes. Defendant

**EXHIBIT A**

typically uses consumer reports to conduct background checks on employees and prospective employees, but fails to provide the consumer report before taking an adverse employment action based on information contained in said report. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

### Adequacy of Representation

48. Plaintiff, as a representative of the classes, will fairly and adequately protect the interests of the Putative Classes and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

### Superiority

49. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

50. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

**EXHIBIT A**

51. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

52. Class certification is also appropriate under Rule 52 of the Missouri Rules of Civil Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against

53. Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution, the Plaintiff is unaware of any similar claims brought against Defendant by any members of the Putative Class on an individual basis. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

54. Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 52 of the Missouri Rules of Civil Procedure. The names and

EXHIBIT A

address of the potential class members are available from Defendant's records.

## Adverse Action Violations

55. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

56. Defendant obtained a "consumer report," as defined by the FCRA, concerning the Plaintiff from a consumer reporting agency.

57. Defendant used a consumer report, as defined by the FCRA, to take adverse employment action against Plaintiff, and on information and belief, other members of the adverse action class.

58. Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members, with a copy of the consumer report that was used to take adverse employment action against them prior to the adverse action.

59. Defendant violated the FCRA by failing to provide the Plaintiff and other adverse action class members with a reasonable time to cure any inaccuracies within the consumer reports prior to the adverse action.

60. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other adverse action class members under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

   a. Defendant is a large corporation with access to legal advice through its own General Counsel's office and outside employment counsel;

   b. Defendant committed multiple violations of the FCRA by not providing the Plaintiff with a copy of the consumer report and not providing the Plaintiff with a reasonable notice period to cure inaccuracies before taking adverse employment action as mandated by the FCRA;

   c. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

**EXHIBIT A**

    d.    15 U.S.C. §1681-1681y, requires consumer reporting agencies to provide notice to users of consumer reports of the users legal obligations under the FCRA prior to the procurement of consumer reports.

61. Plaintiff and the adverse action class are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

62. Plaintiff and the adverse action class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

63. Plaintiff and the adverse action class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

    a.    Order that this action may proceed as a class action under Rule 52 of the Missouri Rules of Civil Procedure;

    b.    Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

    c.    Order directing proper notice to be mailed to the Putative Class at Defendant's expense;

    d.    Order finding that Defendant committed multiple, separate violations of the FCRA;

    e.    Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

    f.    Order awarding statutory damages and punitive damages as provided the FCRA;

**EXHIBIT A**

g. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h. Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

### Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed classes have a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Associates LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEYS FOR PLAINTIFF

**EXHIBIT A**